C/M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------   X
UNITED STATES OF AMERICA,                                    :
                                                             :     MEMORANDUM
                                                             :     DECISION AND ORDER
                                                             :
                 - against -                                 :
                                                             :     96-cr-100 (BMC)
                                                             :
AMARLEY ELLIS,                                               :
                                                             :
                                    Defendant.               :
                                                             :
                                                             :
----------------------------------------------------------   X
```

**COGAN**, District Judge.

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) from her 1998 sentence for murder, conspiracy to commit murder to prevent communication of a federal offense, and bank fraud. She has failed to demonstrate extraordinary and compelling reasons for a sentence reduction, and the factors under 18 U.S.C. § 3553(a) point overwhelmingly towards her continued confinement. Her motion is therefore denied.

## BACKGROUND

In 1992, defendant stole two Social Security checks addressed to a neighbor in her apartment building and delivered to their common mailbox. When her neighbor discovered the theft, defendant, together with her younger brother, embarked on a scheme to kill the neighbor so that the neighbor would not report the theft to the authorities. Defendant and her brother attempted to suffocate the neighbor and her nine-year-old daughter by wrapping their heads in Saran Wrap. That effort failed. Defendant and her brother then strangled the neighbor to death with an electrical cord. They rejected her pleas to spare her daughter, and strangled the daughter

to death the same way. Defendant and her brother then transported the bodies to a location on Kings Highway and burned them beyond recognition in an effort to conceal their identities.

Upon defendant's guilty plea, Judge Raggi originally sentenced her to life imprisonment, but on remand from the Second Circuit, see United States v. Ellis, 152 F.3d 921 (2d Cir. 1998) (table), 1998 WL (unpublished), Judge Raggi imposed concurrent sentences totaling 40 years' imprisonment.

Defendant now seeks compassionate release. She filed an administrative request with the warden of her facility to that effect. The administrative request, like the motion before me, is based on her alleged risk of severe illness and death from COVID-19 due to certain medical conditions. The warden rejected the request three days later. He found that there was no evidence of a debilitating medical condition; that defendant was able to provide self-care and carry out normal activities of daily living; and that her violent history precluded her from relief under the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). The record is not clear whether defendant has fully exhausted her administrative rights to appeal, but the Government has not raised failure to exhaust and thus has waived that defense. See United States v. Felix, No. 12-CR-322, 2020 WL 4505622, at *2 (S.D.N.Y. Aug. 4, 2020).[1]

## DISCUSSION

Under section 3482(c)(1)(A)(i) of Title 18, United States Code, a defendant must establish "extraordinary and compelling reasons" for her release. The Sentencing Guidelines provide that these reasons exist if the defendant is suffering from a "terminal illness" or "a

---

[1] After filing her motion, defendant moved for the appointment of counsel. There is no right to counsel in connection with a motion for compassionate release. See generally Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no right to counsel for collateral attacks on a conviction or sentence). I have considered the applicable criteria for the discretionary appointment of counsel, see Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986), and conclude that appointment of counsel is not appropriate.

serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which [she] is not expected to recover." USSG § 1B1.13, comment (n.1(A)). The Bureau of Prisons has issued a program statement with a similar definition. See Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g) (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf. A defendant has the burden of proving the existence of such a medical condition. See United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020) (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992)).

Defendant does not suffer from a terminal illness, nor has she advanced any real argument how her medical conditions "substantially diminish[]" her ability "to provide self-care within the environment of a correctional facility and from which [she] is not expected to recover." USSG § 1B1.13, comment (n.1(A)). Defendant has demonstrated that she has various medical conditions, such as hypertension, diabetes, and schizophrenia. But these pre-existing medical conditions are simply not the kind of life-threatening impairments that militate towards release. See, e.g., United States v. Korn, No. 11-CR-384S, 2020 WL 1808213, at *5–6 (W.D.N.Y. Apr. 9, 2020). To the contrary, the record shows that she receives individual mental health counseling. All of her medical conditions are being treated and are well under control.

At bottom, defendant's only argument is that the increased risk of exposure to COVID-19 by reasons of being in prison is a good enough reason for compassionate release. I disagree. Plaintiff is only 52 years old, not in the highest risk group for COVID-19 by reason of age. See Ctr. for Disease Control & Prevention, Older Adults (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html; see also

United States v. Galan, No. 14-CR-450, 2020 WL 4227498, at *5 (E.D.N.Y. July 23, 2020). She has tested negative for COVID-19. Nor do the conditions of her facility suggest an intolerably increased risk. The record shows that FCI Danbury is strictly following all prevention protocols. This is consistent with the findings of a number of judges who have considered whether conditions there in and of themselves constitute "extraordinary and compelling circumstances." See Felix, 2020 WL 4505622 at *2; United States v. Cohen, No. 17-CR-372, 2020 WL 3960513, at *2 (E.D.N.Y. July 13, 2020); United States v. Donato, No. 03-CR-929, 2020 WL 3642854, at *2 (E.D.N.Y. July 6, 2020). Indeed, out of the nearly 850 inmates at defendant's facility, virtually all appear to have been tested, and less than 10% have tested positive. See Fed. Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus (last visited Sept. 27, 2020).

Finally, even if defendant had demonstrated extraordinary and compelling circumstances, she does not come near to showing that the factors under 18 U.S.C. § 3553(a) weigh in her favor. Having considered all of the applicable factors, it is apparent that the dominant factor in defendant's case is "the nature and circumstances of the offense." The depraved murder of a social security recipient and her nine-year-old daughter, along with the subsequent coverup, flight, and dissembling in which defendant engaged, is among the most heinous conduct seen in this Court. The motive for the murders was perverse; defendant sought to spare herself what would likely have been, at worst, a minimal jail sentence for stealing two social security checks. Defendant has offered no evidence that her character has changed or that the public can be protected from her, except a naked promise. That is not nearly good enough.

## CONCLUSION

Defendant's motion for compassionate release is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 27, 2020

5